Michael J. McCue (NV Bar 6055)
MMcCue@LRLaw.com
Jonathan W. Fountain (NV Bar 10351)
JFountain@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398

Attorneys for Plaintiff
WEYERHAEUSER NR COMPANY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WEYERHAEUSER NR COMPANY, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BOSCH TOOL CORPORATION, a Delaware corporation,<br><br>Defendant. | **COMPLAINT**<br><br>**(JURY DEMAND)** |

For its Complaint, Plaintiff Weyerhaeuser NR Company ("Plaintiff" and/or "Weyerhaeuser") alleges the following against Defendant Robert Bosch Tool Corporation ("Defendant" and/or "Bosch"):

## NATURE OF THE CASE

1. Weyerhaeuser, the owner of seventeen (17) federal trademark registrations for the iLevel mark for building-related products, brings this action against Bosch, a tool manufacturer that recently began using the identical mark for related products with full knowledge of Weyerhaeuser's rights in the iLevel mark. Weyerhaeuser asserts claims for trademark infringement and unfair competition under federal and common law. Weyerhaeuser seeks preliminary and permanent injunctive relief, damages (including treble damages for willful infringement), attorneys' fees and costs.

# JURISDICTION

2. This Court has original jurisdiction over Weyerhaeuser's federal trademark claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a)-(b). This Court has supplemental jurisdiction over Weyerhaeuser's common law claims under 28 U.S.C. § 1367, because those claims are related to claims under this Court's original jurisdiction and form part of the same case or controversy under Article III of the United States Constitution.

3. This Court has general personal jurisdiction over Bosch based on its continuous and systematic contacts with the State of Nevada, including its sales of products at physical locations in the State of Nevada, such as Lowe's and Home Depot, and its sales of products to Nevada residents through its interactive websites at <skilshop.com> and <cpotools.com>, which sell and ship Bosch products directly to Nevada residents. Bosch also sells its products to Nevada residents through its interactive websites <skiltools.com> and <boschtools.com>, which link to a network of online distributors, including: <acehardware.com>, <allprotools.com>, <amazon.com>, <build.com>, <doitbest.com>, <internationaltool.com>, <lowes.com>, <toolbarn.com>, <toolking.com>, <toolup.com>, <tylertool.com>, <walmart.com>, and <whitecap.com>, who each ship Bosch products into Nevada. In addition, upon information and belief, Bosch regularly attends trade shows in Nevada.

4. This Court has specific personal jurisdiction over Bosch, because Bosch has purposefully availed itself of the privilege of conducting business in Nevada. Upon information and belief, Bosch (directly or through authorized agents) conducts business at various locations in Nevada that sell its products to Nevada residents. Upon information and belief, Bosch (directly or through authorized agents) operates service centers in Nevada that repair Bosch products. Weyerhaeuser's claims arise, in part, out of Bosch's contacts with the State of Nevada, because Bosch is using the iLevel mark at issue on products sold and advertised in the State of Nevada.

5. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events which gave rise to the claims asserted by Weyerhaeuser (namely, Bosch's sale of products bearing the infringing and diluting mark) have occurred and are continuing to occur in this judicial district.

## PARTIES

6. Weyerhaeuser is a Washington corporation with its principal place of business at 33663 Weyerhaeuser Way South, Federal Way, Washington 98003.

7. Bosch is a Delaware corporation with its principal place of business at 1800 West Central Road, Mount Prospect, Illinois 60056.

## ALLEGATIONS COMMON TO ALL CLAIMS

### *Background on Weyerhaeuser and its iLevel Marks*

8. Weyerhaeuser is part of an 111-year old company based in the State of Washington. Weyerhaeuser began operations in 1900, when Frederick Weyerhaeuser and 15 partners bought 900,000 acres of timberland. Weyerhaeuser now has offices or operations in 10 countries and has customers worldwide. In 2010, Weyerhaeuser's worldwide operations generated $6.6 billion in net sales.

9. Weyerhaeuser currently has several business units including: growing and harvesting trees in renewable cycles; manufacturing and distribution of wood building materials for homes and other structures; manufacturing a variety of pulp used to produce papers, absorbent products, photographic film, and other products; and building and developing homes.

10. At least as early as 2006, Weyerhaeuser adopted and began using the **iLevel** mark in connection with certain products and services for the residential construction market. The products included, among others: (a) computer software for selecting and customizing engineered wood and other building material products during the design, fabrication, and installation process; (b) non-metallic building materials (*i.e.*, floors, millwork exclusive of cabinets, moldings, doors, and decorative wall panels made from solid wood; engineered wood, plastics and combinations thereof; wooden veneers, plywood, fiberboard, lumber, particle board, oriented strand board, core stock and cut stock; composite wood paneling, structural wood-based products, namely, structural joists, beams, headers, trusses and columns; laminated wood veneer products, namely, scaffolding, structural framing and bleacher planking; pre-fabricated wood components, namely, trusses or joists with panels; and decking engineered from wood fiber); (c) distribution services for building products; (d) engineering and architectural services in the design of structures for others and

determining potential building materials that meet structural engineering requirements; (e) subfloor adhesive; and (f) other products, such as shirts, hats, toy vehicles, and levels.

11. Weyerhaeuser has used the iLevel mark on tools, such as levels, as shown in Figure A below:



Figure A

12. Since at least as early as 2006, Weyerhaeuser adopted and began using the iLevel design mark shown in Figure B:



Figure B

13. In addition, Weyerhaeuser has adopted a family of iLevel marks each containing the iLevel design mark coupled with additional terms and design elements, including, for example, the marks shown below in Figure C:



Figure C

(The iLevel word mark and the design marks referenced in Paragraphs 12 and 13 shall be collectively referred to as the "iLevel Marks").

14. Weyerhaeuser owns seventeen (17) federal trademark registrations for the iLevel Marks on the Principal Register of the United States Patent and Trademark Office ("USPTO") including, among others:

    a. **iLevel** (U.S. Trademark Registration Nos. 3,231,697; 3,231,695; 3,243,094;

3,243,093; 3,473,619; 3,517,285; and 3,463,595) for: (a) computer software for selecting and customizing engineered wood and other building material products during the design, fabrication, and installation process; (b) non-metallic building materials (*i.e.*, floors, millwork exclusive of cabinets, moldings, doors, and decorative wall panels made from solid wood; engineered wood, plastics and combinations thereof; wooden veneers, plywood, fiberboard, lumber, particle board, oriented strand board, core stock and cut stock; composite wood paneling, structural wood-based products, namely, structural joists, beams, headers, trusses and columns; laminated wood veneer products, namely, scaffolding, structural framing and bleacher planking; pre-fabricated wood components, namely, trusses or joists with panels; and decking engineered from wood fiber); (c) distribution services for building products; (d) engineering and architectural services in the design of structures for others and determining potential building materials that meet structural engineering requirements; (e) subfloor adhesive; (f) shirts; (g) hats; and (h) toy vehicles;

      b.    **iLevel by Weyerhaeuser** (U.S. Trademark Registration No. 3,348,153) for: (a) computer software for selecting and customizing engineered wood and other building material products during the design, fabrication, and installation process; (b) non-metallic building materials (*i.e.*, floors, millwork exclusive of cabinets, moldings, doors, and decorative wall panels made from solid wood; engineered wood, plastics and combinations thereof; wooden veneers, plywood, fiberboard, lumber, particle board, oriented strand board, core stock and cut stock; composite wood paneling, structural wood-based products, namely, structural joists, beams, headers, trusses and columns; laminated wood veneer products, namely, scaffolding, structural framing and bleacher planking; pre-fabricated wood components, namely, trusses or joists with panels; and decking engineered from wood fiber); (c) distribution services for building products; and (d) engineering and architectural design services, including determining which building materials meet structural engineering requirements;

      c.    **iLevel Framer Series** (U.S. Trademark Registration No. 3,503,157) and **iLevel Lumber Performance Tested** (U.S. Trademark Registration No. 3,282,902) for lumber;

      d.    **iLevel Trus Joist TJI** (U.S. Trademark Registration No. 3,438,207) for: structural wood products, namely, structural trusses and joists; structural beams, headers and

columns; laminated wood planking and decking; and wood bridges;

  e. **iLevel Trus Joist Silent Floor** (U.S. Trademark Registration No. 3,428,651) for: structural wood-based products, namely, structural joists, beams, headers, trusses and columns;

  f. **iLevel Trus Joist TimberStrand LSL** (U.S. Trademark Registration No. 3,438,206) and **iLevel Trus Joist Parallam PSL** (U.S. Trademark Registration No. 3,438,205) for: structural wood-based products, namely, structural joists, beams, headers, trusses and columns; laminated wood veneer products, namely, scaffolding, structural framing; and lumber;

  g. **iLevel Trus Joist Microllam LVL** (U.S. Trademark Registration No. 3,438,204) for: structural wood products, namely, structural trusses and joists; structural beams, headers and columns; laminated wood planking and decking;

  h. **iLevel Structurwood Edge Gold** (U.S. Trademark Registration No. 3,424,609) for: non-metallic building materials, namely, oriented strand board; and

  i. **iLevel Trus Joist Form-I Joist** (U.S. Trademark Registration No. 3,628,416) for: structural wood-based products, namely, structural joists, laminated wood veneer products, namely structural framing.

15. The federal trademark registrations referenced above are valid and subsisting and have not been abandoned, cancelled or revoked. As a result, they constitute *prima facie* evidence of the validity of the registered marks, Weyerhaeuser's ownership of the iLevel Marks, and Weyerhaeuser's exclusive right to use the iLevel Marks in commerce in connection with the goods and services referenced therein. In addition, these registrations constitute nationwide constructive notice of Weyerhaeuser's rights in the registered marks.

16. Weyerhaeuser's products bearing the iLevel Marks are sold by building materials dealers and distributors, and well-known home improvement specialty retailers such Home Depot and Lowe's, throughout the United States.

17. Weyerhaeuser has spent a substantial amount of money in advertising and promoting its goods and services using the iLevel Marks. Weyerhaeuser has advertised and marketed its goods and services using the iLevel Marks through its <iLevel.com> website and

other online ads, in print advertisements, through retail merchandising, on promotional goods, and at trade shows.

18. Since Weyerhaeuser's adoption of the iLevel Marks in 2006, millions of U.S. consumers have been exposed to the marks on building materials, in advertisements, on in-store merchandising, on various promotional products, on the official "iLevel by Weyerhaeuser" channel on YouTube, and through the iLevel feed on Twitter.

19. Weyerhaeuser has generated approximately $6.6 Billion in sales of products bearing the iLevel Marks over the past five years.

20. Based on Weyerhaeuser's extensive sales and significant advertising and promotional activities, consumers have come to associate the iLevel Marks with Weyerhaeuser.

21. Despite the tremendous recognition of the iLevel Marks, to simplify its customer contacts and leverage the more well-known WEYERHAEUSER brand, on August 31, 2011, Weyerhaeuser announced that that it will begin transitioning its iLevel-branded products to the WEYERHAEUSER brand. Weyerhaeuser, however, continues to produce and sell products bearing the iLevel Marks. Moreover, Weyerhaeuser continues to own extraordinarily valuable rights in the iLevel Marks. Weyerhaeuser continues to maintain and enforce its iLevel Marks and will do so for the foreseeable future.

### ***Bosch's Adoption of the iLevel Mark***

22. Bosch sells, among other things, portable electric power tools and accessories for the consumer do-it-yourself and professional construction markets under the SKIL house brand.

23. On March 25, 2011, Bosch filed a U.S. trademark application for registration of the iLevel mark for hand tools in International Class 9. At the time, Bosch was not using the iLevel mark.

24. On or about August 18, 2011, after the USPTO approved Bosch's application, Weyerhaeuser sought and obtained an extension of time to oppose Bosch's registration of the iLevel mark. Bosch received notice of the request for extension, and, therefore, had actual notice of Weyerhaeuser's rights in the iLevel Marks.

25. In or around early September 2011, counsel for Weyerhaeuser and counsel for

Bosch discussed Weyerhaeuser's potential filing of an opposition to Bosch's application to register the iLevel mark and possible settlement.

26. On September 22, 2011, Weyerhaeuser sought and obtained a second extension of time to oppose Bosch's registration of the iLevel mark to give the parties additional time to discuss settlement. Again, Bosch received notice of the request for extension.

27. On October 12, 2011, *with full knowledge of Weyerhaeuser's existing trademark rights in the iLevel Marks*, Bosch issued a press release announcing the introduction of a product bearing the iLevel mark -- a product that projects a laser line for leveling and alignment projects.

28. The iLevel mark adopted by Bosch is identical to Weyerhaeuser's iLevel word mark. The marks are both comprised of the letter string i-L-e-v-e-l. The marks sound identical. The marks look identical. The marks create the same overall commercial impression.

29. In addition to using the iLevel mark in plain font, Bosch uses the iLevel mark in the stylized form shown below left. However, when used in its stylized form, the Bosch mark is still confusingly similar to the Weyerhaeuser iLevel mark shown below right in that both marks start with a lower case "i" followed by an upper case "L" followed by lower case "evel" in plain, san serif font, in white lettering:

   

Figure D                              Figure E

30. Bosch is using the iLevel mark on products similar or related to those offered by Weyerhaeuser under the iLevel Marks or within Weyerhaeuser's natural zone of expansion. Bosch's iLevel product and Weyerhaeuser's iLevel products are both used in home construction and improvement. Moreover, *some of Weyerhaeuser's iLevel product literature identifies Bosch tools in the context of disclosing the extent to which the Weyerhaeuser product is compatible with the Bosch tool.* Accordingly, Weyerhaeuser's iLevel products may be used with certain Bosch tools.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

-8-                                              2507470.1

31. Bosch sells its iLevel product in the same marketing channels as Weyerhaeuser's iLevel products, including, but not limited to, home improvement specialty retailers such as Home Depot and Lowe's.

32. Bosch advertises and markets its iLevel product to the same consumers as Weyerhaeuser, including do-it-yourself consumers and professionals.

33. Bosch adopted the iLevel mark with actual knowledge of Weyerhaeuser's iLevel Marks.

34. Upon information and belief, Bosch intended to cause confusion among consumers and trade off of the goodwill and reputation of Weyerhaeuser symbolized by the iLevel Marks.

35. The iLevel Marks are entitled to a broad scope of protection. The iLevel Marks are conceptually distinctive in that they are fanciful when used in connection with Weyerhaeuser's goods and services. Moreover, the iLevel Marks are commercially strong based on the nature and extent of Weyerhaeuser's use of the marks in commerce.

36. Bosch's use of the iLevel mark is likely to cause confusion, or to cause mistake, or to deceive consumers as the source of Bosch's product, or as to an affiliation, connection, or association between Bosch and Weyerhaeuser, or as to the origin, sponsorship, or approval of Bosch's products by Weyerhaeuser. Indeed, consumers are likely to believe that Weyerhaeuser is the source of Bosch's iLevel-branded products or has authorized or licensed Bosch to manufacture and sell iLevel-branded products.

37. Bosch's conduct has caused and is likely to cause Weyerhaeuser to suffer damages and irreparable injury, including loss of reputation or goodwill.

**COUNT I**
(Trademark Infringement under
the Lanham Act, 15 U.S.C. § 1114)

38. Weyerhaeuser incorporates the allegations in the preceding paragraphs as if fully set forth herein.

39. Bosch's use in commerce of the iLevel mark constitutes a reproduction, copying, counterfeiting, and colorable imitation of Weyerhaeuser's iLevel Marks in a manner that is likely to cause confusion or mistake or deceive consumers.

40. Bosch's use of the iLevel mark in connection with the sale, offering for sale, or advertising of its goods is likely to cause confusion, mistake or deceive consumers as to an affiliation, connection, or association with Weyerhaeuser or as to the origin, sponsorship, or approval of Bosch's goods or commercial activities by Weyerhaeuser.

41. As a direct and proximate result of such trademark infringement, Bosch has caused and will cause Weyerhaeuser to suffer irreparable injury and damages in an amount to be determined at trial.

42. Upon information and belief, Bosch's infringement is willful.

**COUNT II**
(Unfair Competition under
the Lanham Act, 15 U.S.C. § 1125(a))

43. Weyerhaeuser incorporates the allegations in the preceding paragraphs as if fully set forth herein.

44. Bosch's use of the iLevel mark in commerce constitutes a false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Bosch with Weyerhaeuser, or as to the origin, sponsorship, or approval of Bosch's goods by Weyerhaeuser.

45. As a direct and proximate result of such unfair competition, Bosch has caused and will cause Weyerhaeuser to suffer irreparable injury and damages in an amount to be determined at trial.

**COUNT III**
(Common Law Trademark Infringement)

46. Weyerhaeuser incorporates the allegations in the preceding paragraphs as if fully set forth herein.

47. Bosch's use in commerce of the iLevel mark constitutes a reproduction, copying, counterfeiting, and colorable imitation of Weyerhaeuser's iLevel Marks in a manner that is likely to cause confusion or mistake or deceive consumers.

48. Bosch's use of the iLevel mark in connection with the sale, offering for sale, or advertising of its goods is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with Weyerhaeuser or as to the origin, sponsorship, or

approval of Bosch's goods or commercial activities by Weyerhaeuser.

49. As a direct and proximate result of such trademark infringement, Bosch has caused and will cause Weyerhaeuser to suffer irreparable injury and damages in an amount to be determined at trial.

## COUNT IV
(Common Law Unfair Competition)

50. Weyerhaeuser incorporates the allegations in the preceding paragraphs as if fully set forth herein.

51. Bosch's use in commerce of the iLevel mark constitutes a reproduction, copying, counterfeiting, and colorable imitation of Weyerhaeuser's iLevel Marks in a manner that is likely to cause confusion or mistake or deceive consumers.

52. Bosch's use of the iLevel mark in connection with the sale, offering for sale, or advertising of its goods is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with Weyerhaeuser or as to the origin, sponsorship, or approval of Bosch's goods or commercial activities by Weyerhaeuser.

53. As a direct and proximate result of such unfair competition, Bosch has caused and will cause Weyerhaeuser to suffer irreparable injury and damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Weyerhaeuser respectfully prays that the Court, pursuant to the Lanham Act, 15 U.S.C. §§ 1117-1119, and common law:

A. Preliminarily and permanently enjoin Bosch and all others acting in concert with Bosch from engaging in the tortious conduct set forth in this Complaint, including, but not limited to, using the iLevel mark, or any colorable imitations thereof, whether alone or in association with any words or designs, in commerce in connection with the advertising, distribution or sale of any goods or services, including, but not limited to, products bearing the iLevel mark.

B. Enter an order requiring that all labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing the iLevel mark and plates, molds and other means of

making the infringing products be delivered up and destroyed.

C. Enter judgment in favor of Weyerhaeuser and against Bosch for damages (including, but not limited to, Weyerhaeuser's lost profits, all profits generated by Bosch from its tortious conduct, damages for corrective advertising, and all other forms of compensatory, punitive and exemplary damages recoverable under law and trebled to the extent permitted by law).

D. Enter an order directing the USPTO to refuse registration of the Bosch iLevel Mark, specifically, the application bearing Serial No. 85276985.

E. Enter judgment in favor of Weyerhaeuser and against Bosch for attorneys' fees, costs and interest in an amount to be determined at trial; and

F. Grant any other relief to which Weyerhaeuser is entitled.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

LEWIS AND ROCA LLP

By: /s/Michael J. McCue
Michael J. McCue
Jonathan W. Fountain
3993 Howard Hughes, Pkwy., Suite 600
Las Vegas, NV 89169
Tel. (702) 949-8200
Fax (702) 949-8398

Attorneys for Plaintiff
WEYERHAEUSER NR COMPANY