# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

WEYERHAEUSER NR COMPANY,      )
                                     )
         Plaintiff,       )     Case No. 2:11-cv-01793-JCM-GWF
                                     )
vs.                          )     **ORDER**
                                     )
ROBERT BOSCH TOOL CORPORATION, )     **Motion to Transfer Venue - #14**
                                     )
         Defendant.     )
_____)

       This matter is before the Court on Defendant Robert Bosch Tool Corp.'s Motion to Transfer Venue (#14), filed on December 22, 2011; Plaintiff Weyerhaeuser NR Company's Opposition to Defendant's Motion to Transfer Venue or, in the Alternative, Cross-Motion to Transfer Venue (#29), filed on January 9, 2012; and Defendant's Reply in Support of its Motion to Transfer Venue (#37), filed on January 19, 2012.

## **BACKGROUND**

       This case involves claims by Plaintiff Weyerhaeuser NR Company ("Weyerhaeuser") against Defendant Robert Bosch Tool Corporation ("Bosch") for federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §1114 and §1125(a), and for common law trademark infringement and unfair competition. *Complaint (#1).* There is no dispute that personal jurisdiction over Defendant Bosch lies in the states and federal districts of Washington, Nevada and Illinois. Defendant Bosch moves, pursuant to Title 28 U.S.C. §1404(a), to transfer the venue of this action to the United States District Court for the Northern District of Illinois. Weyerhaeuser opposes transfer of venue, but if the Court decides that venue should be transferred, requests that this action be transferred to the Western District of Washington.

1    Weyerhaeuser is a Washington corporation whose principal place of business is in Federal
2  Way, Washington, which is located between Tacoma and Seattle. Weyerhaeuser states that it has
3  offices or operations in 10 countries and has customers worldwide. In 2010, Weyerhaeuser's
4  wordwide operations generated $6.6 billion in net sales. *Complaint (#1)* ¶8. Weyerhaeuser has
5  several business units including growing and harvesting trees, manufacturing and distribution of
6  wood building materials, manufacturing pulp used to produce papers, absorbent products,
7  photographic film, and other products. Weyerhaeuser also builds and develops homes. *Id.* ¶9.
8  Weyerhaeuser alleges that as early as 2006 it adopted and began using the "iLevel" mark in
9  connection with certain products and services for the residential construction market. ¶10.
10 Weyerhaeuser states that it owns seventeen federal trademark registrations for the iLevel marks.
11 ¶14. Its products bearing the iLevel marks are sold by building materials dealers and distributors
12 throughout the United States. ¶16. Weyerhaeuser alleges that it has generated approximately $6.6
13 billion in sales of products bearing the iLevel Marks during the past five years. ¶19.

14   Weyerhaeuser alleges that Defendant Bosch sells portable electric power tools and
15 accessories for the do-it-yourself consumer and professional construction markets under the SKIL
16 house brand. *Complaint (#1)*, ¶22. Weyerhaeuser alleges Bosch has infringed its trademarks by
17 using the iLevel mark on its power tool products. ¶¶23-37. Weyerhaeuser alleges that its claims
18 against Bosch arise, in part, out of Bosch's use of the iLevel mark on products sold and advertised
19 in the State of Nevada and that venue lies in the District of Nevada based on those sales. ¶¶ 4-5.
20 Weyerhaeuser also asserts in its opposition that Bosch has attended trade shows in Nevada.
21 *Opposition (#29)*, pg. 6.

22   Bosch submitted the declaration of its Assistant General Counsel, Cecille A. Martin, in
23 support of its motion to transfer venue. Ms. Martin states that Bosch is a Delaware corporation
24 whose principal place of business is located in Broadview, Illinois. Bosch also has an office or
25 plant in Mount Prospect, Illinois. Both cities are in the Chicago area. *Martin Declaration (#14)*, ¶3.
26 Bosch has more than 2,400 employees, only two of whom reside in Nevada. One Nevada
27 employee is a district manager who works from home and manages industrial product sales to
28 professional contractor supply houses. This employee does no sell to retail outlets and does not

2

1   promote any SKIL iLevel[1] products.  The second employee is a customer service representative
2   who works for Bosch only on weekends from her home and responds to email correspondence for
3   Bosch's DREMEL and ROTOZIP products.  This employee's work also does not involve any SKIL
4   iLevel products.  *Id.* ¶8.

5       Bosch has identified seven employees who may testify as witnesses on its behalf.  These
6   employee witnesses all reside in or near Mount Prospect, Illinois.  *Martin Declaration (#14)*, ¶6.
7   Bosch has also identified two non-employee witnesses.  The first is an intellectual property attorney
8   who resides in Baileys Harbor, Wisconsin.  This witness is expected to testify about the conception,
9   searching and adoption of the SKIL iLevel mark.  The second witness is Defendant's former
10  product manager for marketing tools.  This witness resides in Minnesota and is also expected to
11  testify about the conception, searching and adoption of the SKIL iLevel mark.  *Id.*  Bosch states that
12  it has no witnesses who are located in the District of Nevada.

13      Bosch further states it did not conduct any development, testing or research concerning the
14  SKIL iLevel product in Nevada and did not make any adoption, marketing or sales decisions
15  concerning the SKIL iLevel product in Nevada.  Most of the documents on which Bosch expects to
16  rely in this case are located in Illinois.  It does not maintain any relevant documents in Nevada.
17  Bosch further states that it does not own any Nevada business license, does not have a designated
18  resident agent for service in Nevada, does not own or operate any offices, or distribution or service
19  centers in Nevada, and does not operate any Internet web site from which customers located in
20  Nevada can purchase SKIL iLevel products.  Bosch also states that it does not own or operate any
21  computer servers that are located in Nevada and it has no Nevada bank accounts.  *Martin*
22  *Declaration (#14)*, ¶¶9-21.

23      Weyerhaeuser has submitted the declaration of its Marketing Communications manager,
24  Cornelia Sprung, in support of its opposition and cross motion.  *Sprung Declaration (#29)*.  Ms.
25  Sprung states that Weyerhaeuser has over 9,000 employees in the United States, over 3,000 of
26  whom are located in Washington.  Sixteen employees are located in Illinois and it has fifty-six

27  _____

28      [1] Bosch refers to its mark as "ILEVEL," rather than "iLevel."

3

1   employees in Nevada. *Id.* ¶4. Ms. Sprung states that Weyerhaeuser has four employee witnesses,

2   including herself, who may testify in support of its claims. Ms. Sprung and another employee

3   witness reside in Boise, Idaho. The two remaining employee witnesses reside in Federal Way,

4   Washington. ¶8. Weyerhaeuser also has four non-employee witnesses whom it may call at trial in

5   this case. Three of these witnesses reside in Federal Way or Seattle, Washington. The fourth

6   witness resides in West Hollywood, California. *Id.* Weyerhaeuser's relevant documents are

7   located in Washington. ¶9. Ms. Sprung further states that from 2006 to 2010, Weyerhaeuser sold

8   over $100 million of iLevel products in Nevada, over $400 million of iLevel products in Illinois

9   and over $700 million of iLevel products in Washington.

10  ## DISCUSSION

11          Title 28 of the United States Code, Section 1404(a) provides: "For convenience of parties

12  and witnesses, in the interest of justice, a district court may transfer any civil action to any other

13  district or division where it might have been brought." A motion to transfer an action pursuant to

14  §1404(a) presents two questions: (1) whether the action sought to be transferred might have been

15  brought in the proposed transferee district; and (2) whether the transfer would be for the

16  convenience of the parties and witnesses, in the interest of justice. *Int' Patent Dev. Corp. v.*

17  *Wyomont Partners*, 489 F.Supp. 2256, 228 (D.Nev. 1980); *Robert Bosch LLC v. Corea Autoparts*

18  *Producing Corp.*, 2011 WL 4074566, *1 (D.Nev. 2011). As to the first requirement of §1404(a),

19  there is no dispute that this action could have been brought in the District of Nevada, the Western

20  District of Washington or the Northern District of Illinois.

21          In answering the second question, the court must balance the competing public and private

22  interest factors in deciding if transfer is appropriate. *Robert Bosch LLC, supra,* at *1. In making

23  this determination, the Supreme Court has noted that the rule "provides for transfer to a more

24  convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen*

25  *v. Barrack*, 376 U.S. 612, 646, 84 S.Ct. 805, 824 (1964). "[T]ransfer should not be granted if the

26  effect is simply to shift the inconvenience to the party resisting transfer." *Id.* at 646. Nor is the

27  court required to determine the best venue for the action. *Robert Bosch LLC, supra,* citing *Gherebi*

28  *v. Bush*, 352 F.3d 1278, 1303 (9th Cir. 2003). The moving party bears the burden of showing that

4

1  the balance of conveniences favors the transfer. *Miracle Blade, LLC v. Ebrands Commerce Group,*

2  *LLC*, 207 F.Supp.2d 1136, 1156 (D.Nev. 2002), citing *Commodity Futures Trading Comm'n v.*

3  *Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

4  The Ninth Circuit has identified several factors that the district court may consider. *Jones v.*

5  *GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). These factors include (1) the location

6  where the relevant agreements were negotiated and executed, (2) the state that is most familiar with

7  the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the

8  forum (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the

9  differences in costs of litigation in the two forums, (7) the availability of compulsory process to

10 compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

11 While the plaintiff's choice of forum is not determinative, it is entitled to substantial weight

12 when it is also the plaintiff's place of residence. In such circumstances, the defendant must make a

13 strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum. *Gherebi v.*

14 *Bush*, 352 F.3d at 1302. *See also AFG, LLC v. Attia*, 2011 WL 1807138, *1 (D.Nev. 2011) and

15 *Robert Bosch LLC, supra*, at*1. The level of deference accorded to the plaintiff's choice of forum

16 is substantially less, however, when plaintiff is not a resident of the chosen forum. *Miracle Blade,*

17 *LLC v. Ebrands Commerce Group, LLC*, 207 F.Supp.2d at 1156, *Robert Bosch LLC, supra*, at*1.

18 The fact that the plaintiff's counsel is located in the chosen forum is not a significant factor on a

19 motion to transfer venue. *Lee v. Lockheed Martin Corp.*, 2003 WL 22159053, *2 (N.D.Cal. 2003),

20 citing *Soloman v. Continental American*, 472 F.2d 1043, 1047 (3rd Cir. 1973).

21 For purposes of venue, there are two centers of gravity in this case, neither of which is in

22 Nevada. One center of gravity is in the Western District of Washington. Plaintiff Weyerhaeuser is

23 a Washington corporation. Its principal place of business is located in Washington and its business

24 operations also appear to be centered in Washington. The majority of Plaintiff's witnesses in this

25 case reside in Washington and its relevant documents are also located in Washington. Two

26 Weyerhaeuser employee witnesses reside in Boise, Idaho which is geographically closer to Seattle-

27 Tacoma than to Las Vegas, Nevada. The second center of gravity is in the Northern District of

28 Illinois. Defendant Robert Bosch Tool Corporation is a Delaware corporation. Its principal place

5

1    of business is in the Northern District of Illinois. Defendants' employee witnesses and documents

2    are located in Illinois and its two non-party witnesses are located in Wisconsin and Minnesota.

3    The fact that both parties sell their products in Nevada does not establish a special

4    connection between this lawsuit and the District of Nevada. It appears that both parties market and

5    sell their products throughout the United States. There is no evidence that Nevada is a primary or

6    major market for either party in comparison to other jurisdictions. *See Robert Bosch LLC, supra*, at

7    *2 (fact that defendant's products were sold in Nevada had no special significance because the

8    same products are sold throughout the United States). *See also In re TS Tech USA Corp.*, 551 F.3d

9    1315, 1321 (5th Cir. 2008) (Eastern District of Texas had no relevant connection to the issues in a

10   patent infringement action. Although allegedly infringing components were sold in Texas, the

11   parties did not have offices in Texas, no witnesses resided in Texas and no other evidence was

12   located in Texas).

13   The claims in this case involve alleged violations of the federal Lanham Act and common

14   law trademark infringement and unfair competition. The federal district court in Nevada has no

15   special interest in deciding these claims. As far as the costs of litigation and the availability of

16   compulsory process for non-party witnesses are concerned, Nevada is a less convenient venue than

17   either Washington or Illinois. Should this action proceed to trial, both parties would incur travel

18   and lodging expenses to produce their witnesses at trial and may have to introduce the deposition

19   testimony of non-party witnesses if they are unwilling to appear in person.[2] Absent some other

20   reason for trying this action in the District of Nevada, it is not a just reason to try the case here

21   because it is *inconvenient* to both sides.

22   Plaintiff argues that "Bosch and its corporate affiliates have no problem litigating in [the

23   District of Nevada] when it suits Bosch's purposes." *Opposition (#29)*, pg. 5. In support of this

24   assertion, Plaintiff states that Defendant's parent company Robert Bosch, LLC has filed at least

25   eleven lawsuits in this Court since 2010. *Id.* pg. 5-6, footnote 1. A review of the actions cited by

26   _____

27       [2] Each side's non-party witnesses appear to be aligned with the interests of that party.
     Neither party has shown that its non-party witnesses will not voluntarily appear at trial in Illinois,
28   Washington or Nevada.

1    Plaintiff reveals that Robert Bosch, LLC, on behalf of its automotive parts business which is based

2    in Michigan, brought several lawsuits in the District of Nevada for alleged infringement of its

3    patents. Many of the defendants in those cases were foreign companies over whom Bosch was able

4    to obtain personal jurisdiction because of their attendance at a Las Vegas trade show. Once the

5    cases involving the foreign defendants were resolved or dismissed, the court in *Robert Bosch LLC*

6    *v. Corea Autoparts Producing Corp.*, Case No. 2:10-cv-01924-RLH-RJJ, 2011 WL 4074566,

7    transferred that action to the Eastern District of Michigan where Bosch and one of the defendants

8    had their principal places of business. Bosh opposed transfer on the grounds that the court was

9    now familiar with facts and legal issues involved in the cases and transfer would result in

10   unnecessary duplication of effort in another district. *See Opposition to Defendant's Motion to*

11   *Transfer (#40)*. The filing of the above actions by Defendant's parent company or affiliate in the

12   District of Nevada does not support the conclusion that Defendant is generally amenable to being

13   sued in the District of Nevada and has no legitimate interest in having this case tried in the venue

14   most convenient to it.

15   If the Plaintiff had initially filed this action in the Western District of Washington, it is

16   unlikely that the court in that district would have transferred venue to the Northern District of

17   Illinois. The factors which make it more convenient for the Defendant to litigate this case in

18   Illinois would not have been sufficient to overcome Plaintiff's choice of forum and the factors of

19   convenience which favor Washington as the venue. Plaintiff, however, ignored those factors by

20   filing suit in District of Nevada. Notwithstanding Plaintiff's initial disregard of Washington as a

21   preferable venue, the Court would still transfer this action to the Western District of Washington if

22   the relevant factors favored that district over the Northern District of Illinois. They do not.

23   The convenience to Bosch of litigating this case in the Northern District of Illinois is

24   roughly equal to the convenience to Weyerhaeuser of litigating this case in the Western District of

25   Washington. Although litigation expenses in Chicago may be somewhat higher than in Nevada or

26   Washington, they are not so much higher as to be a significant factor. Both parties are large

27   business entities who can afford the services of competent and well-paid counsel. There is no

28   evidence that it will take substantially longer to resolve this case if it is transferred to Illinois,

7

instead of Washington. The federal districts in Washington and Illinois have equivalent connections to the Plaintiff and Defendant, respectively, and to the subject matter of this lawsuit. There is nothing to indicate either party will not receive a fair trial if the case is litigated in the "home" district of the other party.

## CONCLUSION

Given the equipoise in the other factors, Plaintiff's initial disregard of its interest in litigating this case in Washington favors the transfer of this action to the Northern District of Illinois. Accordingly,

**IT IS HEREBY ORDERED** that Robert Bosch Tool Corp.'s Motion to Transfer Venue (#14) is **granted** and Plaintiff Weyerhaeuser NR Company's Cross-Motion to Transfer Venue (#29) is **denied**. The Clerk of the Court is directed to transfer this case to the United States District Court for the Northern District of Illinois.

DATED this 3rd day of February, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

8