**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| WEYERHAEUSER NR COMPANY, | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-01793-JCM-GWF |
| vs. | ) | **ORDER** |
| ROBERT BOSCH TOOL CORPORATION, | ) | **Motion to Transfer Venue - #14** |
| Defendant. | ) | |

This matter is before the Court on Defendant Robert Bosch Tool Corp.'s Motion to Transfer Venue (#14), filed on December 22, 2011; Plaintiff Weyerhaeuser NR Company's Opposition to Defendant's Motion to Transfer Venue or, in the Alternative, Cross-Motion to Transfer Venue (#29), filed on January 9, 2012; and Defendant's Reply in Support of its Motion to Transfer Venue (#37), filed on January 19, 2012.

## BACKGROUND

This case involves claims by Plaintiff Weyerhaeuser NR Company ("Weyerhaeuser") against Defendant Robert Bosch Tool Corporation ("Bosch") for federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §1114 and §1125(a), and for common law trademark infringement and unfair competition. *Complaint (#1).* There is no dispute that personal jurisdiction over Defendant Bosch lies in the states and federal districts of Washington, Nevada and Illinois. Defendant Bosch moves, pursuant to Title 28 U.S.C. §1404(a), to transfer the venue of this action to the United States District Court for the Northern District of Illinois. Weyerhaeuser opposes transfer of venue, but if the Court decides that venue should be transferred, requests that this action be transferred to the Western District of Washington.

1    Weyerhaeuser is a Washington corporation whose principal place of business is in Federal

2    Way, Washington, which is located between Tacoma and Seattle. Weyerhaeuser states that it has

3    offices or operations in 10 countries and has customers worldwide.  In 2010, Weyerhaeuser's

4    wordwide operations generated $6.6 billion in net sales.  *Complaint (#1)* ¶8.  Weyerhaeuser has

5    several business units including growing and harvesting trees, manufacturing and distribution of

6    wood building materials, manufacturing pulp used to produce papers, absorbent products,

7    photographic film, and other products.  Weyerhaeuser also builds and develops homes.  *Id.* ¶9.

8    Weyerhaeuser alleges that as early as 2006 it adopted and began using the "iLevel" mark in

9    connection with certain products and services for the residential construction market. ¶10.

10    Weyerhaeuser states that it owns seventeen federal trademark registrations for the iLevel marks.

11    ¶14.  Its products bearing the iLevel marks are sold by building materials dealers and distributors

12    throughout the United States.  ¶16.  Weyerhaeuser alleges that it has generated approximately $6.6

13    billion in sales of products bearing the iLevel Marks during the past five years.  ¶19.

14    Weyerhaeuser alleges that Defendant Bosch sells portable electric power tools and

15    accessories for the do-it-yourself consumer and professional construction markets under the SKIL

16    house brand.  *Complaint (#1)*, ¶22.  Weyerhaeuser alleges Bosch has infringed its trademarks by

17    using the iLevel mark on its power tool products. ¶¶23-37.  Weyerhaeuser alleges that its claims

18    against Bosch arise, in part, out of Bosch's use of the iLevel mark on products sold and advertised

19    in the State of Nevada and that venue lies in the District of Nevada based on those sales.  ¶¶ 4-5.

20    Weyerhaeuser also asserts in its opposition that Bosch has attended trade shows in Nevada.

21    *Opposition (#29)*, pg. 6.

22    Bosch submitted the declaration of its Assistant General Counsel, Cecille A. Martin, in

23    support of its motion to transfer venue.  Ms. Martin states that Bosch is a Delaware corporation

24    whose principal place of business is located in Broadview, Illinois.  Bosch also has an office or

25    plant in Mount Prospect, Illinois.  Both cities are in the Chicago area. *Martin Declaration (#14)*, ¶3.

26    Bosch has more than 2,400 employees, only two of whom reside in Nevada.  One Nevada

27    employee is a district manager who works from home and manages industrial product sales to

28    professional contractor supply houses.  This employee does no sell to retail outlets and does not

promote any SKIL iLevel[1] products.  The second employee is a customer service representative

who works for Bosch only on weekends from her home and responds to email correspondence for

Bosch's DREMEL and ROTOZIP products.  This employee's work also does not involve any SKIL

iLevel products.  *Id.* ¶8.

Bosch has identified seven employees who may testify as witnesses on its behalf.  These

employee witnesses all reside in or near Mount Prospect, Illinois.  *Martin Declaration (#14)*, ¶6.

Bosch has also identified two non-employee witnesses.  The first is an intellectual property attorney

who resides in Baileys Harbor, Wisconsin.  This witness is expected to testify about the conception,

searching and adoption of the SKIL iLevel mark.  The second witness is Defendant's former

product manager for marketing tools.  This witness resides in Minnesota and is also expected to

testify about the conception, searching and adoption of the SKIL iLevel mark.  *Id.*  Bosch states that

it has no witnesses who are located in the District of Nevada.

Bosch further states it did not conduct any development, testing or research concerning the

SKIL iLevel product in Nevada and did not make any adoption, marketing or sales decisions

concerning the SKIL iLevel product in Nevada.  Most of the documents on which Bosch expects to

rely in this case are located in Illinois.  It does not maintain any relevant documents in Nevada.

Bosch further states that it does not own any Nevada business license, does not have a designated

resident agent for service in Nevada, does not own or operate any offices, or distribution or service

centers in Nevada, and does not operate any Internet web site from which customers located in

Nevada can purchase SKIL iLevel products.  Bosch also states that it does not own or operate any

computer servers that are located in Nevada and it has no Nevada bank accounts.  *Martin

Declaration (#14)*, ¶¶9-21.

Weyerhaeuser has submitted the declaration of its Marketing Communications manager,

Cornelia Sprung, in support of its opposition and cross motion.  *Sprung Declaration (# 29)*.  Ms.

Sprung states that Weyerhaeuser has over 9,000 employees in the United States, over 3,000 of

whom are located in Washington.  Sixteen employees are located in Illinois and it has fifty-six

---

[1] Bosch refers to its mark as "ILEVEL," rather than "iLevel."

3

employees in Nevada. *Id.* ¶4. Ms. Sprung states that Weyerhaeuser has four employee witnesses, including herself, who may testify in support of its claims. Ms. Sprung and another employee witness reside in Boise, Idaho. The two remaining employee witnesses reside in Federal Way, Washington. ¶8. Weyerhaeuser also has four non-employee witnesses whom it may call at trial in this case. Three of these witnesses reside in Federal Way or Seattle, Washington. The fourth witness resides in West Hollywood, California. *Id.* Weyerhaeuser's relevant documents are located in Washington. ¶9. Ms. Sprung further states that from 2006 to 2010, Weyerhaeuser sold over $100 million of iLevel products in Nevada, over $400 million of iLevel products in Illinois and over $700 million of iLevel products in Washington.

## DISCUSSION

Title 28 of the United States Code, Section 1404(a) provides: "For convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A motion to transfer an action pursuant to §1404(a) presents two questions: (1) whether the action sought to be transferred might have been brought in the proposed transferee district; and (2) whether the transfer would be for the convenience of the parties and witnesses, in the interest of justice. *Int' Patent Dev. Corp. v. Wyomont Partners*, 489 F.Supp. 2256, 228 (D.Nev. 1980); *Robert Bosch LLC v. Corea Autoparts Producing Corp.*, 2011 WL 4074566, *1 (D.Nev. 2011). As to the first requirement of §1404(a), there is no dispute that this action could have been brought in the District of Nevada, the Western District of Washington or the Northern District of Illinois.

In answering the second question, the court must balance the competing public and private interest factors in deciding if transfer is appropriate. *Robert Bosch LLC, supra,* at *1. In making this determination, the Supreme Court has noted that the rule "provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 646, 84 S.Ct. 805, 824 (1964). "[T]ransfer should not be granted if the effect is simply to shift the inconvenience to the party resisting transfer." *Id.* at 646. Nor is the court required to determine the best venue for the action. *Robert Bosch LLC, supra,* citing *Gherebi v. Bush*, 352 F.3d 1278, 1303 (9th Cir. 2003). The moving party bears the burden of showing that

4

the balance of conveniences favors the transfer. *Miracle Blade, LLC v. Ebrands Commerce Group, LLC*, 207 F.Supp.2d 1136, 1156 (D.Nev. 2002), citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

The Ninth Circuit has identified several factors that the district court may consider. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). These factors include (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

While the plaintiff's choice of forum is not determinative, it is entitled to substantial weight when it is also the plaintiff's place of residence. In such circumstances, the defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum. *Gherebi v. Bush*, 352 F.3d at 1302. *See also AFG, LLC v. Attia*, 2011 WL 1807138, *1 (D.Nev. 2011) and *Robert Bosch LLC, supra*, at*1. The level of deference accorded to the plaintiff's choice of forum is substantially less, however, when plaintiff is not a resident of the chosen forum. *Miracle Blade, LLC v. Ebrands Commerce Group, LLC*, 207 F.Supp.2d at 1156, *Robert Bosch LLC, supra*, at*1. The fact that the plaintiff's counsel is located in the chosen forum is not a significant factor on a motion to transfer venue. *Lee v. Lockheed Martin Corp.*, 2003 WL 22159053, *2 (N.D.Cal. 2003), citing *Soloman v. Continental American*, 472 F.2d 1043, 1047 (3rd Cir. 1973).

For purposes of venue, there are two centers of gravity in this case, neither of which is in Nevada. One center of gravity is in the Western District of Washington. Plaintiff Weyerhaeuser is a Washington corporation. Its principal place of business is located in Washington and its business operations also appear to be centered in Washington. The majority of Plaintiff's witnesses in this case reside in Washington and its relevant documents are also located in Washington. Two Weyerhaeuser employee witnesses reside in Boise, Idaho which is geographically closer to Seattle-Tacoma than to Las Vegas, Nevada. The second center of gravity is in the Northern District of Illinois. Defendant Robert Bosch Tool Corporation is a Delaware corporation. Its principal place

5

of business is in the Northern District of Illinois. Defendants' employee witnesses and documents are located in Illinois and its two non-party witnesses are located in Wisconsin and Minnesota.

The fact that both parties sell their products in Nevada does not establish a special connection between this lawsuit and the District of Nevada. It appears that both parties market and sell their products throughout the United States. There is no evidence that Nevada is a primary or major market for either party in comparison to other jurisdictions. *See Robert Bosch LLC, supra*, at *2 (fact that defendant's products were sold in Nevada had no special significance because the same products are sold throughout the United States). *See also In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (5th Cir. 2008) (Eastern District of Texas had no relevant connection to the issues in a patent infringement action. Although allegedly infringing components were sold in Texas, the parties did not have offices in Texas, no witnesses resided in Texas and no other evidence was located in Texas).

The claims in this case involve alleged violations of the federal Lanham Act and common law trademark infringement and unfair competition. The federal district court in Nevada has no special interest in deciding these claims. As far as the costs of litigation and the availability of compulsory process for non-party witnesses are concerned, Nevada is a less convenient venue than either Washington or Illinois. Should this action proceed to trial, both parties would incur travel and lodging expenses to produce their witnesses at trial and may have to introduce the deposition testimony of non-party witnesses if they are unwilling to appear in person.[2] Absent some other reason for trying this action in the District of Nevada, it is not a just reason to try the case here because it is *inconvenient* to both sides.

Plaintiff argues that "Bosch and its corporate affiliates have no problem litigating in [the District of Nevada] when it suits Bosch's purposes." *Opposition (#29)*, pg. 5. In support of this assertion, Plaintiff states that Defendant's parent company Robert Bosch, LLC has filed at least eleven lawsuits in this Court since 2010. *Id.* pg. 5-6, footnote 1. A review of the actions cited by

---

[2] Each side's non-party witnesses appear to be aligned with the interests of that party. Neither party has shown that its non-party witnesses will not voluntarily appear at trial in Illinois, Washington or Nevada.

Plaintiff reveals that Robert Bosch, LLC, on behalf of its automotive parts business which is based in Michigan, brought several lawsuits in the District of Nevada for alleged infringement of its patents. Many of the defendants in those cases were foreign companies over whom Bosch was able to obtain personal jurisdiction because of their attendance at a Las Vegas trade show. Once the cases involving the foreign defendants were resolved or dismissed, the court in *Robert Bosch LLC v. Corea Autoparts Producing Corp.*, Case No. 2:10-cv-01924-RLH-RJJ, 2011 WL 4074566, transferred that action to the Eastern District of Michigan where Bosch and one of the defendants had their principal places of business. Bosh opposed transfer on the grounds that the court was now familiar with facts and legal issues involved in the cases and transfer would result in unnecessary duplication of effort in another district. *See Opposition to Defendant's Motion to Transfer (#40).* The filing of the above actions by Defendant's parent company or affiliate in the District of Nevada does not support the conclusion that Defendant is generally amenable to being sued in the District of Nevada and has no legitimate interest in having this case tried in the venue most convenient to it.

If the Plaintiff had initially filed this action in the Western District of Washington, it is unlikely that the court in that district would have transferred venue to the Northern District of Illinois. The factors which make it more convenient for the Defendant to litigate this case in Illinois would not have been sufficient to overcome Plaintiff's choice of forum and the factors of convenience which favor Washington as the venue. Plaintiff, however, ignored those factors by filing suit in District of Nevada. Notwithstanding Plaintiff's initial disregard of Washington as a preferable venue, the Court would still transfer this action to the Western District of Washington if the relevant factors favored that district over the Northern District of Illinois. They do not.

The convenience to Bosch of litigating this case in the Northern District of Illinois is roughly equal to the convenience to Weyerhaeuser of litigating this case in the Western District of Washington. Although litigation expenses in Chicago may be somewhat higher than in Nevada or Washington, they are not so much higher as to be a significant factor. Both parties are large business entities who can afford the services of competent and well-paid counsel. There is no evidence that it will take substantially longer to resolve this case if it is transferred to Illinois,

instead of Washington.  The federal districts in Washington and Illinois have equivalent connections to the Plaintiff and Defendant, respectively, and to the subject matter of this lawsuit. There is nothing to indicate either party will not receive a fair trial if the case is litigated in the "home" district of the other party.

## CONCLUSION

Given the equipoise in the other factors, Plaintiff's initial disregard of its interest in litigating this case in Washington favors the transfer of this action to the Northern District of Illinois.  Accordingly,

**IT IS HEREBY ORDERED** that Robert Bosch Tool Corp.'s Motion to Transfer Venue (#14) is **granted** and Plaintiff Weyerhaeuser NR Company's Cross-Motion to Transfer Venue (#29) is **denied**.  The Clerk of the Court is directed to transfer this case to the United States District Court for the Northern District of Illinois.

DATED this 3rd day of February, 2012.

GEORGE FOLEY, JR.
United States Magistrate Judge